UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

OSCAR LUIS CAVERO and ALICIA PUSAJO

        Plaintiffs,

- against -

THE REPUBLIC OF ARGENTINA,

        Defendant.

------------------------------------------------------------------ X

07 Civ. 11591 (TPG)

**ANSWER**

        Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Complaint dated December 27, 2007 (the "Complaint"), respectfully states as follows:

        1.      To the extent Paragraph 1 purports to characterize the nature of the action brought, no responsive pleading is required. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

        2.      Paragraph 2 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

        3.      Paragraph 3 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

        4.      Paragraph 4 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

        5.      Paragraph 5 of the Complaint purports to characterize the nature of the action brought and accordingly no responsive pleading is required.

6.  To the extent that Paragraph 6(a)-(f) of the Complaint constitutes a conclusion of law or otherwise characterizes the nature of the claim, no responsive pleading is required. The Republic otherwise lacks knowledge or information sufficient as to form a belief as to the truth of the allegations of Paragraph 6(a)-(f) of the Complaint, except denies that it maintains records from which the identities of the purported class members can be determined and denies that class certification would be either superior or appropriate in this action.

7.  The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint. Paragraph 7 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 7 of the Complaint for their true and correct contents.

8.  Paragraph 8 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 8 of the Complaint for their true and correct contents.

9.  Paragraph 9 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 9 of the Complaint for their true and correct contents.

10.  The Republic denies the allegations contained in Paragraph 10 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

11. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint. To the extent Paragraph 11 of the Complaint purports to characterize the contents of written documents, the Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 11 of the Complaint for their true and correct contents.

12. The Republic denies the allegations contained in Paragraph 12 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

13. The Republic lacks knowledge or information sufficient to form a belief as to the truth and allegations of Paragraph 13 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

14. Paragraph 14 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 14 of the Complaint.

### First Affirmative Defense

15. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense[1]

16. Plaintiff's claims are barred by the act of state doctrine.

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein. See Lightwater Corp. Ltd. v. Republic of Argentina, No. 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003). The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review. In connection with the Sixth Affirmative Defense facts may exist in the present case that were not before the Court in the cases covered by

### Third Affirmative Defense

17. To the extent plaintiffs are not acting in good faith in commencing and prosecuting this action, plaintiffs are barred from enforcing any rights they may otherwise have.

### Fourth Affirmative Defense

18. Plaintiffs' claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

19. Plaintiffs' claims are barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

20. Plaintiffs' claims are barred by N.Y. Judiciary Law Section 489.

### Seventh Affirmative Defense

21. Plaintiffs' interest claims, if any, arising before December 27, 2002 are barred in part by the applicable statute of limitations/prescription period.

### Eighth Affirmative Defense

22. Plaintiffs lack standing and/or capacity to sue, because they are not holders of bonds within the meaning of the Fiscal Agency Agreement dated October 19, 1994.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a)    dismissing plaintiffs' claims with prejudice;

---

the Lightwater and EM Ltd. v. Argentina, No. 03 Civ. 2508 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003) Orders.

(b)   awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

(c)   granting the Republic such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 25, 2008

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
Jonathan I. Blackman (jblackman@cgsh.com)
Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina